UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JAMES P. FARLEY,         )<br>                          )<br>         PLAINTIFF  )<br>                          )<br>v.                        )<br>                          )<br>MICHAEL P. ASTRUE,        )<br>COMMISSIONER OF SOCIAL SECURITY, )<br>                          )<br>         DEFENDANT  ) | CIVIL NO. 06-221-P-H |

### ORDER AFFIRMING IN PART AND REJECTING IN PART THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

This is a Social Security disability benefits case. Upon *de novo* review, I affirm the Magistrate Judge's recommended decision in all respects save one. I disagree with his recommendation to label as inadequate the Commissioner's analysis of the plaintiff's subjective pain. I therefore decline to vacate the Commissioner's decision denying disability benefits.

As the Magistrate Judge observed, the plaintiff's challenge to the Administrative Law Judge's pain analysis was "somewhat conclusory," and "barely" sufficient for the court to consider.[1] Report and Recommended Decision

---

[1] The Magistrate Judge rejected the plaintiff's major attacks on the Commissioner's decision, and the plaintiff has not objected to the Magistrate Judge's treatment of those issues. As for pain, in his Statement of Errors before the Magistrate Judge the plaintiff stated only the following:

> The ALJ also wrote, without further explanation, that he had considered all of [the plaintiff's] symptoms (presumably including his multiple complaints of pain detailed at some length at R. 14-15) "based on the requirements of 20 C.F.R. § 404.1529 . . . and SSRs 96-4p and 96-7p" (R. 16). In so doing he appears to have conflated the concepts of pain and of credibility. In any event, what is clear is

*(continued on next page)*

at 10 (Docket Item 14). But the Magistrate Judge did consider the issue, and in turn found the Administrative Law Judge's treatment of pain "sketchy at best." Id. After summarizing the Administrative Law Judge's discussion of the various factors listed in Social Security Ruling 96-7p, the Magistrate Judge concluded that "[t]his case presents a close question on the issue of the analysis of subjective pain." Id. at 10. Nevertheless, he concluded that the Administrative Law Judge's treatment was ultimately "insufficient," that the Administrative Law Judge "was required to devote more effort to consideration of [the plaintiff's] complaints," and recommended that the decision be vacated and remanded, presumably for a better analysis of the 96-7p factors. Id.

The Commissioner objected, arguing that the Administrative Law Judge in fact did consider the required factors. Def.'s Objection to Report and Recommended Decision at 3-4 (Docket Item 15). In response to the Commissioner's objection, the plaintiff pointed to no specific evidence in the administrative record that the Administrative Law Judge should have, but did not, discuss. See Pl.'s Response to Def.'s Objection (Docket Item 16). The plaintiff's only articulated complaint was a general accusation of lack of analysis by the Administrative Law Judge. Id. at 2. (The plaintiff's appeal to the Appeals Council was no more enlightening on this issue. See R. at 332-33.)

---

that he has not made the pain analysis required in this circuit by Avery v. Secretary of Health and Human Services, 797 F.2d 19, 21 (1st Cir. 1986); McDonald v. Heckler, 588 F. Supp. 1400 (D. Me. 1984), SSR 96-3p and 20 C.F.R. § 404.1529. Unfortunately it is impossible to effectively review his analysis here since whatever analysis he [may] have made does not appear in the decision despite his passing reference to the regulation. This is yet another error

*(continued on next page)*

I turn, therefore, to what the Administrative Law Judge did. At the evidentiary hearing, both the plaintiff's lawyer and the Administrative Law Judge questioned the plaintiff and covered the topics of leg pain, edema, carpal tunnel syndrome, functional limitations, daily activities, prior treatments, and work history. R. 338-50. In his written decision, the Administrative Law Judge began by discussing the plaintiff's complaints of pain in his legs going back to 1998. He recounted examination outcomes, the history that the plaintiff provided to physicians, the effects of medication (Elavil), and physician reports of inconsistent symptoms. R. 14. The Administrative Law Judge also discussed the next medical references to pain (beginning in August 2002), the prescribing of medications at that time, including Methadone for pain (and its original use to replace heroin), medical advice about lifestyle (exercise, modify diet, lose weight, stop smoking), reports that the plaintiff could walk without pain, and the results of a neurological evaluation. R. 14-15. He summarized another doctor's report, based on a psychological evaluation of the plaintiff, that the plaintiff lacked energy/motivation, and had chronic extremity pain. R. 15. This report discussed the plaintiff's various activities (cooking and caring for his son, taking him for walks, household chores, self-care activities, fishing, etc.). Id. The Administrative Law Judge discounted one physician's diagnosis of peripheral neuropathy because the opinions to that effect were "not supported by any clinical notes in this record, or by any objective testing." R. 16. The Administrative Law Judge also minimized

---

requiring a remand.
Pl.'s Itemized Statement of Errors at 8-9 (Docket Item 11).

carpal tunnel syndrome complaints because the plaintiff had not pursued surgery[2] and because he found a DDS evaluation "somewhat generous" in its assessment of the plaintiff's hand limitations. R. 16. Ultimately, he found that the plaintiff had carpal tunnel syndrome and that he could engage in frequent, but not constant, hand use. R. 13-14. The Magistrate Judge explicitly recommended affirming this specific finding, Report and Recommended Decision at 5-7, and the plaintiff has not objected.

The Administrative Law Judge concluded his treatment of subjective pain by stating:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible. Not only does the objective testing not fully support some of the allegations, the claimant's spotty work history suggests that claimant may lack a strong motivation to find and maintain employment.[3]

---

[2] The plaintiff's explanation for failing to pursue surgery was:
> I went in they, they looked at it. And, they said they could do it, but at the time it wasn't, they really didn't want to do it with everything else going on. And now we're looking into it again with the, with the new neurologist. He's setting up appointments so I can go back to the place, the [sic] see if they can do it, or when I can have it done. . . . Plus, it's a lot on me. I've heard a lot of times even when they do it, it doesn't, it's like a 90% shot or something it doesn't work. It doesn't relieve the pain. Although it [INAUDIBLE] the problem.

R. 346-47.

[3] At the hearing, the Administrative Law Judge said to the plaintiff, "from '86 to '91 or from '87 to '91, the most earnings here was $1,100[]. I was just wondering how did you supporting [sic] yourself during all this time?" The plaintiff replied "Well, I just lived off the money I saved and my family helped me out, helps me out quite a bit." R. 345. This period, 1986-1991, is well before the alleged onset of the plaintiff's disability, which he claimed began July 15, 2003.

4

R. 16.  In other words, it is clear in blunter terms that the Administrative Law Judge did not believe the plaintiff's description of the severity of his pain, and concluded that the plaintiff did not want to work.

In finding the analysis inadequate, albeit close, the Magistrate Judge listed a number of items that the Administrative Law Judge did discuss (pain complaints; a time of no pain; discounting the plaintiff's credibility about pain and the reasons therefor; activities of daily living; negative test results).  However, the Magistrate Judge found that the Administrative Law Judge did not consider "the evidence of pain killing medication taken by the plaintiff for many years or the other factors listed in" the applicable regulations.  Report and Recommended Decision at 10-11.

In fact, the Administrative Law Judge did discuss the pain-related medications that the plaintiff had used regularly over the years, Elavil (a brand name for amitriptyline) and Methadone.  The Administrative Law Judge stated that according to notes from 1998, "Elavil helped [the plaintiff] to sleep through the night and alleviated his discomfort somewhat." R. 14.  He also noted that Dr. Wykrzykowska, who treated the plaintiff from 2002 to 2004, prescribed Methadone for pain.  R. 15.  Medical record references to other pain-related medications during the relevant period are sporadic,[4] and nothing in the record

---

[4] Medical reports from 1998 referred to Tylenol, nonsteroidal anti-inflammatory drugs (e.g., Arthrotec), Neurontin (an anticonvulsant that prevents seizures and nerve pain), and hydrochlorothiazide (a diuretic).  R. 148-50, 197-251.  The only medications that the record shows the plaintiff took for pain after 1998 are Methadone, Elavil, Baclofen (a muscle relaxant), and a single reference to Vioxx (a non-steroidal anti-inflammatory) in 2002.  See R. 190-96, 286-88.  The Administrative Law Judge discussed Methadone and Elavil, and the plaintiff's own submission to the agency as part of his application for benefits indicated that by early May 2004 he had stopped
*(continued on next page)*

suggests that listing them would have produced a different outcome. See Storey v. Comm'r of Soc. Sec., No. 98-1628, 1999 WL 282700, *3 (6th Cir. April 27, 1999) (unpublished opinion) ("Although the ALJ did not specifically mention [certain] pain medications in his analysis, the fact that he did not include a factor-by-factor discussion does not render his analysis invalid."). Beyond this single reference to medication history, neither the Magistrate Judge nor the plaintiff specified what other factors the Administrative Law Judge was required to discuss in his decision.

In social security proceedings, the Administrative Law Judge bears some responsibility for developing the record both for and against the award of benefits. Seavey v. Barnhart, 276 F.3d 1, 8 (1st Cir. 2001).[5] If objective medical evidence does not substantiate a claimant's statements about pain or other symptoms, the Administrative Law Judge must make a credibility finding that "contain[s] specific reasons for the finding on credibility, supported by the evidence in the case record, and . . . sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Social Security Ruling 96-7p. Nonetheless, the Administrative Law Judge is "not required to recite every piece of evidence which favor[s]" the claimant. Santiago v. Sec'y of Health and Human

---

taking Baclofen because it made him sick.  R. 105.

[5] In certain circumstances—for example where the claimant is unrepresented by counsel or is "obviously mentally impaired"—the Administrative Law Judge's responsibility to develop the evidence for a claimant may be heightened.  See Evangelista v. Sec'y of Health and Human Servs., 826 F.2d 136, 142 (1st Cir. 1987); Deblois v. Sec'y of Health and Human Servs., 686 F.2d 76, 80-81 (1st Cir. 1982).  Here, the plaintiff was represented by counsel during his hearing before the Administrative Law Judge and on appeal.  There is no indication that this case presents any of the
*(continued on next page)*

Services, No. 94-1891, 1995 WL 30568, *4 (1st Cir. Jan. 25, 1995) (unpublished opinion) (quoting Stein v. Sullivan, 966 F.2d 317, 319 (7th Cir. 1992) (explaining that the level of articulation required from an Administrative Law Judge is "far from precise" and "deliberately flexible")). See also Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000) (declining to require "a formalistic factor-by-factor recitation of the evidence" provided "the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility").

I conclude that on the issue of pain, a proper record was created and the Administrative Law Judge considered it thoughtfully in the context of the applicable Regulations and Rulings. The plaintiff was represented by a lawyer at the hearing as well as on appeal to the Appeals Council and in this court, yet at no point has any specific challenge been made beyond the argument that the written decision was not comprehensive enough in its analysis.[6] It is obvious that the Administrative Law Judge did not fully believe the plaintiff and thought that motivational issues interfered with the plaintiff's ability to work. There is no reason to think that a different outcome would ensue on remand for a longer written analysis. Although some Administrative Law Judge decisions may give a more comprehensive treatment of the 96-7p pain factors and therefore be more

---

special circumstances that the First Circuit has discussed.

[6] In his Itemized Statement of Errors before the Magistrate Judge, the plaintiff wrote that the Administrative Law Judge "appears to have conflated the concepts of pain and of credibility." Pl.'s Statement of Errors at 9. But he did not develop this argument or clearly identify a point in the Administrative Law Judge's discussion that he thinks makes this error. The plaintiff quoted a phrase from the decision that referred to a regulation and two Social Security Rulings that explain the process for evaluating pain and other symptoms. Those provisions instruct that, in certain circumstances, the adjudicator must make a credibility finding as part of his evaluation of subjective pain. See SSR-96-7p; 20 C.F.R. 404.1529(c). That is precisely what the Administrative Law Judge did in this case.

comforting to a reviewing court, I am satisfied that the Administrative Law Judge here did consider the entire record and the pain factors. See, e.g., Shaw v. Sec'y of Health and Human Servs., No. 93-2173, 1994 WL 251000, *5 (1st Cir. June 9, 1994) (unpublished opinion) (although the court "would prefer more explanatory detail, and the new regulation contemplates greater detail," "no reason to return this case for the purely formulaic purpose of having the ALJ write out what seems plain on a review of the record."); Frustaglia v. Sec'y of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987) (affirming even though "more express findings" would be "preferable"); cf. Nat'l Ass'n of Home Builders v. Defenders of Wildlife, 127 S. Ct. 2518, 2530 (2007) (noting that a court reviewing an agency action will "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned" (quoting Motor Vehicle Mfr's Ass'n of the United States v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983))).

Accordingly, I **REJECT** the recommendation that the Commissioner's decision be vacated. Instead, I **AFFIRM** the Commissioner's decision.

**SO ORDERED.**

**DATED THIS 28TH DAY OF DECEMBER, 2007**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

8